IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

STEVEN SNOOK,
Defendant.

Case No. 18–CR–40015–JPG–2

## **ORDER**

Before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account. (ECF No. 83). The defendant, Steven Snook, did not respond.

In 2013, the Court sentenced Snook to a 7-month term of imprisonment and ordered him to pay a $500 fine and a $200 special assessment fee. (Judgment at 6, ECF No. 78).

Now, the Government says that Snook has $5,798.39 in his inmate trust account. (Gov't Mot. at 2). The Bureau of Prisons encumbered $700 of that balance; and the Government seeks authorization to turn the funds over to the Clerk of Court to satisfy Mays's debt. (*Id.*).

"If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

There are specifically enumerated exceptions for property that cannot be seized to satisfy a debt obligation; but none apply here:

1. Wearing apparel and schoolbooks;

2. Fuel, provisions, furniture, and personal effects in the inmate's household;

3. Books and tools of a trade, business, or profession;

4. Unemployment benefits;

   5. Undelivered mail;

   6. Certain annuity and pension payments;

   7. Workers' compensation;

   8. Cash set aside to satisfy a child-support obligation;

   9. Certain service-connected disability payments; and

   10. Assistance under the Job Training Partnership Act.

*See* 26 U.S.C. § 6334(a)(1)–(8), (10), (12) ("Property exempt from levy"); 18 U.S.C. § 3613 (a)(1) (citing § 6334(a)(1)–(8), (10), (12)).[1]

Snook still owes $700 in fines and fees; yet he has $5,798.39 in his account. (Gov't Mot. at 2). And the Government can use all "available and reasonable means" to enforce a criminal monetary penalty. *See* 18 U.S.C. §§ 3616(a), (f), 3663(m). The Court, therefore, **ORDERS** the Government to turn over the encumbered $700 to the Clerk of Court to satisfy Snook's debt.

**IT IS SO ORDERED.**

**Dated: Friday, May 7, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that none of the exceptions encompass the CARES Act stimulus checks, which are "technically an advance on a tax credit, known as the Recovery Rebate Credit." *See* Ann Carrns, *Is My Stimulus Payment Taxable? And Other Tax Questions*, N.Y. Times (last updated Mar. 6, 2021), https://nyti.ms/33dGAyB.